REISSUED FOR PUBLICATION
DEC 5 2017
OSM
U.S. COURT OF FEDERAL CLAIMS

# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 17-77V
Filed: October 27, 2017

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ALFREDA ALBERTO and WILBERT LOPEZ, Legal Representatives of a Minor Child, J.L.A., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Interim attorneys' fees and costs decision; respondent objects to fee award; lack of information to determine reasonable basis |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Martin J. Martinez, Napa, CA, for petitioners.
Colleen C. Hartley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 17, 2017, petitioners Alfreda Alberto and Wilbert Lopez filed a petition on behalf of their daughter, J.L.A., under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act"). Petitioners alleged that their daughter suffered respiratory distress, hypoxia, hypotonia, pseudoaneuryism, acute flaccid paralysis, polio-like symptoms, acute and severe myopathy, anemia thrombocytopenia, and fever as a result of her August 8, 2014 receipt of Dtap, Hep B, HIB, Pneumococcal, and polio vaccinations. Pet. at ¶¶ 2, 3. The case was assigned to the undersigned on January 18, 2017.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On October 3, 2017, petitioners filed a motion for interim attorneys' fees and costs on behalf of their attorney, Mr. Martin J. Martinez. Petitioners request $41,912.00 in attorneys' fees and $604.84 in attorneys' costs, for a total request of $42,516.84.

On October 16, 2017, respondent filed a response to petitioners' motion for interim attorneys' fees. Respondent objects to an award of interim attorneys' fees and costs, arguing that he does not believe petitioners have a reasonable basis given the current records. Resp. at 1. In petitioners' reply filed on October 26, 2017, petitioners' counsel states that he "has a good faith belief in the case. In the future, when and if counsel feels that there is no longer a reasonable good faith belief to continue litigating the case, counsel will act accordingly." Pet'rs' Reply at 3.

The Vaccine Act provides that a special master may award reasonable attorneys' fees and costs if the special master determines that the petition was "brought in good faith and there was a reasonable basis for the claim . . . ." 42 U.S.C. § 300aa-15(e)(1). However, a special master is not bound by an earlier determination that a case had reasonable basis.

At this time, it is premature for the undersigned to decide whether petitioners had a reasonable basis to file the petition. According to the status report filed by petitioners' counsel on September 5, 2017, the only reason Mr. Martinez continues representing petitioners is because "petitioners are Spanish speaking, along with the fact that there are limited number of petitioner's [sic] counsel who speak Spanish." Mr. Martinez realized and advised petitioners on the difficulty of proving causation in this case:

> Due to confidential communications between petitioner's [sic] counsel and his expert witness, petitioner's [sic] counsel has made a decision to no longer pursue the case due to the difficulty of proving causation of the D-68 virus as being the proximate cause of the injury. The petitioners have been informed of this decision. Nonetheless, based on the severe life long injury that the minor has suffered, rather then [sic] advising the petitioner [sic] to outright dismiss the action, it is aspired that an outside opinion from different counsel be obtained. Hopefully, new counsel will be alerted to factors in the case, that I have not considered and take over the legal representation.

Pet'rs' Status Rep. at 1.

On September 17, 2017, petitioners filed a motion to continue and requested a sixty-day extension to file either a motion to dismiss or a motion to substitute counsel. The undersigned granted petitioners' motion to continue. The undersigned does not have enough information at present to determine the issue of reasonable basis. Therefore, the undersigned **DENIES** petitioners' motion for interim attorneys' fees and costs.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the

court is directed to enter judgment.[2]

**IT IS SO ORDERED.**

Dated: October 27, 2017                    s/ Laura D. Millman
                                           Laura D. Millman
                                           Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

3