**ORIGINAL**

**REISSUED FOR PUBLICATION**
**DEC 19 2017**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims

OFFICE OF SPECIAL MASTERS
No. 17-77V
Filed: November 21, 2017
Not for Publication

**FILED**
**NOV 2 1 2017**
**U.S. COURT OF FEDERAL CLAIMS**

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ALFREDA ALBERTO and WILBERT LOPEZ, Legal Representatives of a Minor Child, J.L.A., <br><br> Petitioners, <br><br> v. <br><br> SECRETARY OF HEALTH AND HUMAN SERVICES, <br><br> Respondent. | Interim attorneys' fees and costs decision; respondent objects to fee award; lack of information to determine reasonable basis |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

<u>Alfreda Alberto and Wilbert Lopez</u>, Sacramento, CA, for petitioners (pro se).
<u>Colleen C. Hartley</u>, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION DENYING INTERIM ATTORNEYS' FEES AND COSTS[1]

On January 17, 2017, petitioners Alfreda Alberto and Wilbert Lopez filed a petition on behalf of their daughter, J.L.A., under the National Childhood Vaccine Injury Act, 42 U.S.C. §§ 300aa-10–34 (2012) ("Vaccine Act"). Petitioners alleged that their daughter suffered respiratory distress, hypoxia, hypotonia, pseudoaneuryism, acute flaccid paralysis, polio-like symptoms, acute and severe myopathy, anemia thrombocytopenia, and fever as a result of her August 8, 2014 receipt of Dtap, Hep B, HIB, Pneumococcal, and polio vaccinations. Pet. at ¶¶ 2, 3. The case was assigned to the undersigned on January 18, 2017.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On October 3, 2017, petitioners filed a motion for interim attorneys' fees and costs on behalf of their attorney, Mr. Martin J. Martinez. On October 27, 2017, the undersigned issued a decision denying interim attorneys' fees and costs based on lack of information to determine reasonable basis.

On November 11, 2017, petitioners filed a motion to withdraw as attorney on behalf of Mr. Martinez. On November 13, 2017, the undersigned granted petitioners' motion and they are now pro se. On the same day, the undersigned issued an order to show cause. Petitioners have until November 28, 2017 to explain why this case should not be dismissed.

On November 11, 2017, petitioners filed a motion for attorneys' fees and costs on behalf of Mr. Martinez. Although Mr. Martinez was terminated as petitioners' attorney, the case is still pending. Thus, this is the second motion for interim attorneys' fees and costs. Petitioners request $41,912.00 in attorneys' fees and $604.84 in attorneys' costs, for a total request of $42,516.84.

On November 15, 2017, respondent filed a response to petitioners' second motion for interim attorneys' fees. Respondent incorporates his prior response and objection to an award of interim attorneys' fees and costs, where he does not believe petitioners have a reasonable basis given the current records, stating there has been no substantive change in this case since that time. Resp. at 1.

The Vaccine Act provides that a special master may award reasonable attorneys' fees and costs if the special master determines that the petition was "brought in good faith and there was a reasonable basis for the claim . . . ." 42 U.S.C. § 300aa-15(e)(1).

The undersigned finds that an award of interim attorneys' fees and costs to petitioners is unreasonable because they did not have a reasonable basis to bring their claim. In a status report filed September 5, 2017, petitioners state their former attorney Mr. Martinez realized and advised petitioners on the difficulty of their proving causation in this case:

> Due to confidential communications between petitioner's [sic] counsel and his expert witness, petitioner's [sic] counsel has made a decision to no longer pursue the case due to the difficulty of proving causation of the D-68 virus as being the proximate cause of the injury. The petitioners have been informed of this decision.

Pet'rs' Status Rep. at 1.

Mr. Martinez filed a request to extend time on September 17, 2017, stating he had receive 10,000 pages of reports from the University of California at Davis which "changed the merits of the case . . . ." Req. at 1-2. Mr. Martinez states the records (none of which he filed) show that J.L.A. suffers from a congenital disease, DiGeorge syndrome, resulting in poor development of several body symptoms. Id. He quotes an unnamed doctor stating, "This test showed that

2

[J.L.A.] has 22q11.2 deletion syndrome. We reviewed that this condition likely explains many of [J.L.A.'s] medical problems such as her polio-like illness in infancy, due to increased susceptibility to infections, and thrombocytopenia." Id. at 2. Since J.L.A. was born with DiGeorge syndrome, petitioners could not possibly prove that vaccinations she received at four and-one half months of age caused it. Order to Show Cause, at 3.

Counsel has a duty to investigate a claim before filing it. In Rehn v. Secretary of Health and Human Services, Judge Lettow explained: "if an attorney does not actively investigate a case before filing, the claim may not have a reasonable basis and so may not be worthy of attorneys' fees and costs." 126 Fed. Cl. 86, 93 (Fed. Cl. 2016). Petitioners did not contact Mr. Martinez on the eve of the running of the statute of limitations. J.L.A. received Dtap, hepatitis B, HiB, Prevnar, and IPV vaccinations on August 8, 2014. On August 9, 2014, J.L.A. had bronchiolitis. Petitioners had until August 9, 2017 before the statute of limitations would run on their claim. Thus, Mr. Martinez had ample time to perform due diligence.

Mr. Martinez's billing records show he began to review records from petitioners on March 28, 2016, over a year before the running of the statute of limitations. Fee App., at 10. He should have realized there were other medical records he needed to obtain before filing the petition. Therefore, the undersigned finds that Mr. Martinez did not do due diligence by not requesting and reviewing J.L.A.'s complete medical records in time.

Therefore, the undersigned **DENIES** petitioners' motion for interim attorneys' fees and costs for lack of a reasonable basis to file this petition.

In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment.[2]

**IT IS SO ORDERED.**

Dated: November 21, 2017

*Laura D. Millman*
Laura D. Millman
Special Master

---

[2] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

3