

**REISSUED FOR PUBLICATION**
**DEC 26 2017**
**OSM**
**U.S. COURT OF FEDERAL CLAIMS**

# In the United States Court of Federal Claims

### OFFICE OF SPECIAL MASTERS
No. 17-77V
Filed: November 29, 2017
Not to be Published.

FILED
NOV 29 2017
U.S. COURT OF FEDERAL CLAIMS

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| ALFREDA ALBERTO and WILBERT LOPEZ, representatives of a minor child, J.L.A., | |
| Petitioners, | Diphtheria-tetanus-acellular pertussis ("Dtap"), hepatitis B, haemophilus B influenzae ("HiB"), pneumococcal ("Prevnar"), inactivated polio ("IPV") vaccines; DiGeorge syndrome; no expert |
| v. | |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | |
| Respondent. | |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Alfreda Alberto and Wilbert Lopez, Sacramento, CA, for petitioners (pro se).
Colleen C. Hartley, Washington, DC, for respondent.

**MILLMAN, Special Master**

### DECISION[1]

On January 17, 2017, petitioners filed a petition under the National Childhood Vaccine Injury Act, 42 U.S.C. § 300aa-10-34 (2012), alleging that diphtheria-tetanus-acellular pertussis ("Dtap"), hepatitis B, haemophilus B influenzae ("HiB"), pneumococcal ("Prevnar"), and inactivated polio ("IPV") vaccines administered to their daughter J.L.A. on August 8, 2014 caused her respiratory distress, hypoxia, hypotonia, pseudoaneuryism, acute flaccid paralysis, polio-like symptoms, acute and severe myopathy, anemia, thrombocytopenia, and fever. Pet. at ¶¶ 2 and 3.

---

[1] Because this unpublished decision contains a reasoned explanation for the special master's action in this case, the special master intends to post this unpublished decision on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). Vaccine Rule 18(b) states that all decisions of the special masters will be made available to the public unless they contain trade secrets or commercial or financial information that is privileged and confidential, or medical or similar information whose disclosure would constitute a clearly unwarranted invasion of privacy. When such a decision is filed, petitioner has 14 days to identify and move to redact such information prior to the document's disclosure. If the special master, upon review, agrees that the identified material fits within the banned categories listed above, the special master shall redact such material from public access.

On November 13, 2017, the undersigned issued an Order to Show Cause why this case should not be dismissed, giving petitioners until November 28, 2017 to respond. Petitioners did not respond.

This petition is now **DISMISSED** for failure to prosecute and failure to obey the undersigned's Order to Show Cause, under Vaccine Rule 21(b)(1)

## FACTS

On August 8, 2014, J.L.A. received Dtap, hepatitis B, HiB, Prevnar, and IPV vaccinations. Med. recs. Ex. 1, at 1. On August 9, 2014, J.L.A. had bronchiolitis. Med. recs. Ex. 14, at 5. She had coughing, vomiting, and diarrhea, but no fever. Id. at 3. On August 17, 2014, J.L.A. had flaccid paralysis which Dr. Bradley E. Chipps at Sutter Medical Center noted was due to an enteroviral infection. Med. recs. Ex. 3, at 1.

Petitioners' former attorney Martin J. Martinez filed a request to extend time on September 17, 2017, stating he had receive 10,000 pages of reports from the University of California at Davis which "changed the merits of the case . . . ." Req. at 1-2. Mr. Martinez states the records (none of which he filed) show that J.L.A. suffers from DiGeorge syndrome,[2] known as 22q11.2 deletion syndrome, resulting in poor development of several body symptoms. Id. He quotes an unnamed doctor stating, "This test showed that [J.L.A.] has 22q11.2 deletion syndrome. We reviewed that this condition likely explains many of [J.L.A.'s] medical problems such as her polio-like illness in infancy, due to increased susceptibility to infections, and thrombocytopenia." Id. at 2.

On November 11, 2017, Mr. Martinez filed on behalf of petitioners a motion to withdraw as counsel. On November 13, 2017, the undersigned granted petitioners' motion and they became pro se.

## DISCUSSION

To satisfy their burden of proving causation in fact, petitioners must prove by preponderant evidence: "(1) a medical theory causally connecting the vaccination and the injury; (2) a logical sequence of cause and effect showing that the vaccination was the reason for the injury; and (3) a showing of a proximate temporal relationship between vaccination and injury." Althen v. Sec'y of HHS, 418 F.3d 1274, 1278 (Fed. Cir. 2005). In Althen, the Federal Circuit

---

[2] DiGeorge syndrome is "a congenital disorder in which defective development of the third and fourth pharyngeal pouches results in hypoplasia or aplasia of the thymus and parathyroid glands, often associated with congenital heart defects, anomalies of the great vessels, esophageal atresia, and abnormalities of facial structures. Depending on the degree of parathyroid and thymic hypoplasia, there are hypocalcemic tetany or seizures due to lack of parathyroid hormone and deficiency of cell-medicated immunity resulting in increased susceptibility to low-grade or opportunistic pathogens. The syndrome is usually a phenotype of 22q11 deletion syndrome . . . and is associated with loss of the T-box gene Tbx1, and even within the phenotype shows variability." Dorland's Illustrated Medical Dictionary 1827-28 (32nd ed. 2012).

2

quoted its opinion in Grant v. Secretary of Health and Human Services, 956 F.2d 1144, 1148 (Fed. Cir. 1992):

> A persuasive medical theory is demonstrated by "proof of a logical sequence of cause of and effect showing that the vaccination was the reason for the injury [,]" the logical sequence being supported by a "reputable medical or scientific explanation[,]" i.e., "evidence in the form of scientific studies or expert medical testimony[.]"

418 F.3d at 1278.

Without more, "evidence showing an absence of other causes does not meet petitioner's affirmative duty to show actual or legal causation." Grant, 956 F.2d at 1149. Mere temporal association is not sufficient to prove causation in fact. Id. at 1148.

Petitioners must show not only that but for the Dtap, hepatitis B, HiB, Prevnar, and IPV vaccinations, J.L.A. would not have DiGeorge syndrome, but also that Dtap, hepatitis B, HiB, Prevnar, and IPV vaccines were substantial factors in causing her DiGeorge syndrome. Shyface v. Sec'y of HHS, 165 F.3d 1344, 1352 (Fed. Cir. 1999).

Since J.L.A. was born with DiGeorge syndrome, petitioners could not possibly prove that vaccinations she received at four and-one half months of age caused it. Moreover, the unidentified treating doctor who discussed the implications of J.L.A.'s having DiGeorge syndrome, stated "this condition likely explains many of [J.L.A.'s] medical problems such as her polio-like illness in infancy, due to increased susceptibility to infections, and thrombocytopenia."

The Federal Circuit in Capizzano emphasized that the special masters are to evaluate seriously the opinions of petitioner's treating doctors since "treating physicians are likely to be in the best position to determine whether a logical sequence of cause and effect show[s] that the vaccination was the reason for the injury." 440 F.3d at 1326. See also Broekelschen v. Sec'y of HHS, 618 F.3d 1339, 1347 (Fed. Cir. 2010); Andreu v. Sec'y of HHS, 569 F.3d 1367, 1375 (Fed. Cir. 2009).

The Vaccine Act, 42 U.S.C. § 300aa-13(a)(1), prohibits the undersigned from ruling for petitioners based solely on their allegations unsubstantiated by medical records or medical opinion. The medical records do not support petitioners' allegations. They have not filed an expert opinion in support of their allegations.

The undersigned **DISMISSES** this petition for failure to prosecute and failure to obey the undersigned's Order to Show Cause, under Vaccine Rule 21(b)(1).

## CONCLUSION

The petition is **DISMISSED**. In the absence of a motion for review filed pursuant to

RCFC Appendix B, the Clerk of Court is directed to enter judgment herewith.[3]

**IT IS SO ORDERED.**

Dated: November 29, 2017

/s/ Laura D. Millman
Laura D. Millman
Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each party, either separately or jointly, filing a notice renouncing the right to seek review.

4